**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC MORRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV826 RLW |
| | ) | |
| CAROLYN JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 6) Plaintiff

filed a *pro se* Petition on March 7, 2019 in the Circuit Court of St. Louis County, Missouri.

(ECF No. 4) Plaintiff alleges harassment, defamation of character, and discrimination based on

medical disability against Defendants Carolyn Johnson and Katina Brown. (*Id.*) On April 5,

2019, Defendants filed a Notice of Removal and removed the cause of action from State court to

the United States District Court for the Eastern District of Missouri on the basis that the action is

against an officer of an agency of the United States under 28 U.S.C. § 1442(a)(1). (ECF No. 1)

Specifically, Defendants assert Carolyn Johnson, Manager, and Katina Brown, Supervisor, are

employees of the United States Postal Service. (*Id.* at ¶ 1) On April 12, 2019, Defendants filed

the present Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim. (ECF No. 6) Review of the record shows that Plaintiff has not filed a

response, and the time for doing so has expired.

Under Rule 4.01 of the Local Rules of the United States District Court for the Eastern

District of Missouri, "each party opposing a motion shall file, within seven (7) days after being

served with the motion, a memorandum containing any relevant argument and citations to

authorities on which the party relies." E.D. Mo. L.R. 4.01(B). Here, Plaintiff has not filed a response in opposition within the requisite time frame or otherwise responded to Defendants' motion asserting that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In addition, on July 8, 2019 and October 16, 2019, the Court issued Orders to Show Cause directing Plaintiff to show cause why he has failed to respond to the motion to dismiss. Plaintiff did not file a timely response to either Court Order.[1] The Court will therefore consider Defendant's motion to dismiss based upon the record as it now stands.

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] UPS tracking indicates Plaintiff signed for the envelope containing Defendant's motion to dismiss and memorandum in support, as well as Orders of this Court, on October 17, 2019.

(2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

Defendant argues the Complaint should be dismissed for failure to state a claim due to its brevity and lack of factual support. The Court agrees. "[A] complaint in an employment discrimination case must contain factual allegations that raise a right to relief above the speculative level." Evans v. Blanton Constr. Co., No. 4:17-CV-1389 SPM, 2018 WL 3375092, at *4 (E.D. Mo. July 11, 2018) (internal quotation marks and citation omitted). Here, Plaintiff's Complaint consists of two sentences, only one which sets forth allegations regarding his discrimination complaint. The Complaint contains no factual allegations to support a plausible claim that Defendants discriminated against him on the basis of a medical disability, harassed him, or defamed his character. While courts must construe *pro se* complaints liberally and hold *pro se* litigants to a lesser pleading standard than formal pleadings drafted by attorneys, the Court finds Plaintiff's conclusory allegations are void of any factual support and do not state a claim for relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (stating courts will not supply additional facts or construct a legal theory for a plaintiff that assumes facts not pleaded); *Gage v. Brennan*, No. 4:17-CV-2872 CAS, 2018 WL 3105418, at *3 (E.D. Mo. June 25, 2018) (finding even where the *pro se* complaint is construed liberally and held to less stringent standards, "pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced"). Therefore, the Court will grant Defendants' motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is

**GRANTED.** A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order

and the Order of Dismissal via **US Postal mail** and **UPS** to Plaintiff Eric Morrison at his last

known address, 11361 Amboy Lane, St. Louis, MO 63136.

Dated this 4th day of November, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**